```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KEVIN BAKER, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 04-6405 (JBS) |
| v. | **MEMORANDUM OPINION** |
| RON CATHEL, et al., |  |
| Respondents. |  |

**SIMANDLE**, U.S. District Judge:

Following a jury trial, Petitioner Kevin Baker was convicted under New Jersey law on one count of conspiracy to commit murder, two counts of purposeful or knowing murder, and one count of possession of a firearm for an unlawful purpose.[1]  Following the judgment of conviction, Petitioner was sentenced to a term of life imprisonment.

The matter is before this Court on Baker's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Baker argues, inter alia, that he was denied effective assistance of counsel both at trial and in his application for post-conviction relief in state court.  Petitioner requests that this Court hold an evidentiary hearing and direct the parties to expand the record on his ineffective assistance of counsel claims.  For the reasons explained below, this request will be denied and the petition will be dismissed.

---

[1] The jury was unable to reach a verdict on additional counts charging possession of a weapon by a convicted felon.

I.  **BACKGROUND**

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the Appellate Division's factual recitation:

> In the early morning hours of January 28, 1995, the police were summoned to the Roosevelt Manor Apartments. Upon their arrival, the police discovered the bodies of Rodney Turner and Margaret Wilson. Both victims had been shot. The police recovered three nine millimeter shell casings, which were later tested and found to have been fired from the same weapon.
>
> Denise Rand testified that she and her cousin, Tyrone Moore, were present at the time of the shooting. According to Rand, she heard several shots and then observed Baker and Washington running from the scene. Although Rand was initially uncertain as to which of the two defendants committed the homicides, she later recalled, after being confronted with her prior statement, that Baker shot Turner and Washington shot Wilson. Rand recounted that she was present in the apartment building in order to purchase drugs and that she had used crack cocaine earlier in the morning. Rand was nevertheless unequivocal in her identification of the perpetrators, having known Washington for many years and defendant for several years.
>
> Baker himself neither testified nor presented witnesses. The defense asserted, however, that Rand was incorrect in her identification. Based upon this evidence, defendant Baker and his codefendant Washington were found guilty of conspiracy to commit murder (N.J.S.A. 2C:5-2), two counts of purposeful or knowing murder (N.J.S.A. 2C:11-3a(1) and (2)), and possession of a firearm for an unlawful purpose (N.J.S.A. 2C:39-4a). Defendant was sentenced to consecutive terms of life imprisonment with an aggregate parole disqualifier of sixty years on the convictions for murder. The other convictions were merged.

(Resp. Ex. Ra27, N.J. Super. Ct. App. Div., March 15, 2001 slip op. at 2-3.)

Petitioner appealed his judgment of conviction to the Appellate Division, which affirmed his convictions by an unreported decision.  Subsequently, Petitioner filed a petition for post-conviction relief with the trial judge pursuant to N.J. Ct. Rule 3:22, arguing that he received ineffective assistance of trial counsel because, among other things, counsel failed to adequately investigate the possibility that Baker's codefendant Washington alone killed the two victims.  In support of this argument, Baker relied on police investigative reports which indicated that several named individuals were interviewed and recalled seeing or hearing only one person fleeing the scene of the shootings.  "The reports also referred to witnesses who recounted that Washington had beaten one of the victims several weeks before in a dispute concerning drugs.  Defendant also pointed to ballistics evidence indicating that Washington was implicated in an unrelated homicide and that the gun used in that killing was the same one used in the double murder."  (Id. at 4.)

Though the PCR judge held an evidentiary hearing on certain aspects of Petitioner's ineffective assistance of counsel claim, the judge refused to conduct a hearing on Baker's claim that an adequate investigation would have supported the single gunman defense.  Specifically, the judge rejected defendant's argument because:  (1) defendant failed to present affidavits or certifications detailing the proffered testimony of the "missing

3

witnesses" and (2) the judge was not persuaded that the single gunman defense would have altered the outcome of the trial had it been presented.

Baker appealed that ruling to the Appellate Division which, in an unpublished opinion, ordered the matter to be remanded for further proceedings.  The Appellate Division concluded that Petitioner failed to satisfy the requirement that he support his request for an evidentiary hearing with affidavits or certifications based upon personal knowledge.  The court held that Petitioner's reliance upon police reports which contained "vague, conclusory, hearsay-type statements," was "not sufficient to establish a prima facie case of ineffective assistance of counsel with or without the addition of the ballistics evidence presented."  (Id. at 8.)

In remanding the matter for further proceedings, though, the Appellate Division added the following:

> We stress, however, that defendant's claims were not made out of whole cloth, as is true of so many cases in which ineffective assistance of counsel arguments are advanced.  However deficient the police reports may have been, they did provide a reasonable basis for concluding that the identified witnesses saw or heard a single gunman fleeing from the scene.  Because their exact perceptions were not recounted in detail, we cannot surmise whether, or to what extent, their testimony would shed light on the circumstances surrounding the double murder.
> We add for the sake of completeness that the ballistics evidence presented to the grand jury and contained in an investigative report is not a model of clarity.  As we noted, three spent 9 millimeter shells were found at the scene.  However, it should also be

> noted that two bullets recovered from the scene were
> too mangled to determine their origin.  Rodney Turner
> suffered a single gunshot to the head.  Margaret Wilson
> had two bullet wounds to the head and a piercing entry
> and exit wound to one arm.  It is thus arguable that
> three shots were fired, all from the same gun.  It also
> appears that Washington used this gun in an unrelated
> homicide.  See State v. Garfole, 76 N.J. 445 (1978)
> (defensive use of other crime evidence).
>      It is plausible that these circumstances, if
> explicated, supplemented and amplified in detailed
> affidavits and certifications, might establish a prima
> facie case of ineffective assistance of counsel
> warranting an evidentiary hearing.  We have underscored
> the word "might" because so much of defendant's
> presentation is speculative and conjectural.  On the
> other hand, we do not want to defeat what could be an
> arguable Sixth Amendment claim.
>      The interests of justice militate in favor of
> affording defendant a reasonable opportunity to correct
> the infirmities in his prior presentation of the
> petition for post-conviction relief.

(Id. at 8-9.)  The Appellate Division accordingly remanded the matter for further proceedings.

On remand, the court permitted counsel for Petitioner forty-five days, until April 30, 2001, to file any affidavits and to correct the infirmities in his prior presentation for post-conviction relief.  (See Resp. Ex. Ra36, N.J. Super. Ct. Law Div., August 23, 2001 slip op. at 4.)  Counsel, however, failed to file any supplemental materials by that date.  On May 2, 2001, the court received a notice of motion dated April 30, 2001 from Edward Crisonino to be relieved as counsel for Baker.  (Id.)  The court convened a hearing on May 25, 2001, and subsequently denied Mr. Crisonino's request.  By order dated May 25, 2001, the court permitted counsel an additional forty-five days to file any

affidavits to correct the infirmities in Baker's prior petition. By separate order, the court set July 9, 2001 as the date by which such submissions should be made.

On July 9, 2001, the court received several documents from defense counsel, including a signed affidavit from Latasha Langston and an investigative report of Dwight Collins. By letter dated July 31, 2001, the court again invited additional documents, though defense counsel failed to supplement its previous submissions. (Id. at 5.) On August 23, 2001, the court issued an opinion and order denying Baker's petition for post-conviction relief.

In its opinion, the court first held that defense counsel's failure to "submit any proper affidavits or certifications" was dispositive. Specifically, the court held that the submissions made by defense counsel on July 9, 2001 did not adequately detail the scope of the testimony proffered by Ms. Langston or Mr. Collins, or the potential impact of their testimony on the outcome of the trial. The court further stated: "While Defense Counsel states in a letter to the Court that he will submit an affidavit once an investigator talks with Mr. Collins, the Court would like to note that it has been six years since the defendant has been indicted in this matter. Thus, the Defense has had ample time to interview Mr. Collins and obtain the proper affidavits, but has failed or [been] unable to do so." (Id. at

6

7.) The court further commented that "it has taken the Defense six years to obtain just one affidavit which does not even satisfy the requirements of" state law governing a claim of ineffective assistance of counsel. (Id.)

Finally, the court concluded that even had the two witnesses testified, their testimony would not have supported "a lone shooter theory." (Id. at 9.) For these reasons, the court rejected Plaintiff's claim of ineffective assistance of trial counsel and denied Baker's petition for post-conviction relief. On appeal, the Appellate Division largely adopted the reasoning of the lower court in affirming the denial of relief, holding that "[g]iven what was presented to the court on remand, the court's analysis [denying PCR relief] is sound." (Resp. Ex. Ra45, N.J. Super. Ct. App. Div., Nov. 14, 2003 slip. op. at 3.) The Appellate Division declined, however, to address Baker's "claim of ineffective assistance of [post-conviction relief] counsel on the remand as it [was] not properly before" the court at that time. The Appellate Division's affirmation of the denial of post-conviction relief was without prejudice to a subsequent post-conviction relief petition.

Petitioner did not file a subsequent petition seeking post-conviction relief, instead filing, through counsel, notice of motion with the New Jersey Supreme Court to file a petition for certification nunc pro tunc. By order dated February 25, 2004,

7

the New Jersey Supreme Court denied the petition for certification.  Petitioner timely filed the instant habeas petition under 28 U.S.C. § 2254 with this Court on December 23, 2004, less than one year after the denial of Baker's petition for certification.

**II.  DISCUSSION**

The instant petition includes claims for ineffective assistance of trial counsel and post conviction relief counsel ("PCR counsel").  For the reasons now explained, the Petition will be denied.

    A.    <u>Ineffectiveness of Trial Counsel</u>

Petitioner claims that trial counsel was deficient for failing to properly investigate the lone gunman theory and provide testimony supporting that theory of defense.  That claim was adjudicated on the merits below and, thus, this Court's inquiry here is limited to (1) whether the lower court's denial of relief resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the United States Supreme Court; or (2) whether the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).  The Court is satisfied that neither of the conditions of section 2254(d) have been met and, thus, that the Petitioner should not be granted habeas relief.

First, this Court concludes that the denial of Petitioner's claim for ineffective assistance of trial counsel was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law as determined by the United States Supreme Court.  Generally, to prevail on a claim of ineffective assistance of counsel, Petitioner must show that (1) counsel's performance was deficient and (2) this deficiency prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In meeting the first requirement, the petitioner must show that counsel's representation fell below an "objective standard of reasonableness" and outside the range of competent assistance demanded of professional criminal defense attorneys. Id. at 688; see also United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991).  In order to prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id.

As recounted more fully above, the state courts conducted the appropriate analysis.  Specifically, on remand the trial court concluded that Petitioner had not demonstrated actual prejudice – namely, that even had the two named witnesses testified, their testimony would not have supported "a lone shooter theory."  (Resp. Ex. Ra36, N.J. Super. Ct. Law Div., August 23, 2001 slip op. at 9.)  On appeal, the Appellate

9

Division largely adopted the reasoning of the lower court in affirming the denial of relief, holding that "[g]iven what was presented to the court on remand, the court's analysis [denying PCR relief] is sound." (Resp. Ex. Ra45, N.J. Super. Ct. App. Div., Nov. 14, 2003 slip. op. at 3.)  For these reasons, this Court concludes that the holdings below were consistent with clearly established federal law.

Moreover, the state court decisions were based on a reasonable determination of the facts in light of the evidence presented.  As the state court opinions reflect, the courts below carefully examined the factual record.  The Appellate Division, for instance, independently identified the factual basis for the lone gun man theory.  (Resp. Ex. Ra27, N.J. Super. Ct. App. Div., March 15, 2001 slip op. at 8-9.)  Far from resulting in a decision that was based on an unreasonable determination of the facts in light of the evidence presented, 28 U.S.C. § 2254(d), that analysis has formed the basis of Petitioner's claims here.

For these reasons, the Court will deny Petitioner's claim under § 2254 based on ineffective assistance of trial counsel.

    B.   <u>Ineffectiveness of PCR Counsel</u>

Likewise, the Court will deny the claim for ineffectiveness of PCR counsel.  As noted above, the Court is constrained by 28 U.S.C. § 2254(i), which states:  "The ineffectiveness or incompetence of counsel during . . . State collateral post-

10

conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Moreover, the Court may only entertain § 2254 habeas petitions made "in behalf of a person in state custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). And, it is well-settled that there is no federal right, under the Sixth Amendment or otherwise, to post-conviction counsel. Coleman v. Thompson, 501 U.S. 722, 752 (1991); Johnson v. Pinchak, 392 F.3d 551, 563 (3d Cir. 2004). For these reasons, Petitioner's claim of ineffective assistance of post-conviction relief counsel will be denied.

For the benefit of Petitioner, however, the Court notes that contrary to Petitioner's assertions, the ineffectiveness of PCR counsel claim has not been exhausted. Therefore, Petitioner may still attempt to have that claim heard before the appropriate State tribunal. Specifically, in affirming the lower court's denial of the petition for post-conviction relief, the Appellate Division explicitly declined to address the merits of Baker's claim based on ineffective PCR counsel. Accordingly, Petitioner would not be barred under N.J. Ct. Rule 3:22-5 from presenting that claim below. The Appellate Division emphasized this point

11

by affirming <u>without prejudice</u> to Petitioner's right to file a subsequent petition raising this ground.[2]

---

[2] Likewise, Petitioner would not appear to be time-barred from presenting such a claim. Pursuant to N.J. Ct. Rule 3:22-12:

> A petition to correct an illegal sentence may be filed at any time. No other petition shall be filed pursuant to this rule more than 5 years after rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect.

The five year period prescribed by this rule commences when the judgment of conviction is entered – it is not stayed or tolled by appellate or other review proceedings. <u>State v. Dillard</u>, 506 A.2d 848 (N.J. Super. Ct. App. Div.), <u>cert.</u> <u>denied</u> 523 A.2d 169 (N.J. 1986). Likewise, federal habeas corpus proceedings will not toll the time prescribed by N.J. Ct. Rule 3:22-12. However, the Rule "is not rigid and monolithic." <u>State v. Mitchell</u>, 601 A.2d 198, 203 (N.J. 1992). "[W]here the interests of justice so require, the Rule will be relaxed." <u>Id.</u> Specifically, under N.J. Ct. Rule 1:1-2:

> The rules . . . [of the courts] shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court . . . if adherence to it would result in an injustice.

Here, judgment of conviction was entered on or about August 1, 1996. Therefore, under N.J. Ct. Rule 3:22-12, Petitioner would have had until on or about August 1, 2001 to file any petition for post-conviction relief. The instant petition, though, challenges the effectiveness of PCR counsel. The earliest conceivable date on which Petitioner could have raised that claim would have been sometime after the denial of post conviction relief, August 23, 2001. Strict application of N.J. Ct. Rule 3:22-12 would, therefore, have foreclosed Petitioner's claim even before it arose. Such an outcome contravenes common sense as well as fairness and, thus, it is quite conceivable that the five-year bar would be extended in this case. Indeed, the Appellate Division implicitly recognized as much when it affirmed the denial of the PCR petition on November 14, 2003 <u>without</u>

# IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas corpus petition under 28 U.S.C. § 2254 will be denied and the Court will not hold an evidentiary hearing or direct the parties to expand the record.

**September 26, 2005**　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　U.S. District Judge

---

prejudice. See Dillard, 506 A.2d at 850 n.2 (recognizing that where direct appeals take more than five years, the explicit language of Rule 3:22-12 should give way to considerations of fairness).

It therefore appears likely that N.J. Ct. Rule 1:1-2 should apply, allowing Petitioner to file a subsequent petition for post conviction relief. "[A]fter all, justice is the polestar and our procedures must ever be moulded and applied with that in mind." New Jersey Highway Auth. v. Renner, 114 A.2d 555, 560 (N.J. 1955). The Court reiterates, however, that whether PCR counsel was ineffective does not present an issue for federal court adjudication under 28 U.S.C. § 2254, because no Sixth Amendment right to effective PCR counsel exists.